J-S41035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE WILLIAM CARSON | : | |
| | : | |
| Appellant | : | No. 77 MDA 2017 |

Appeal from the PCRA Order December 15, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003201-2008

BEFORE:     GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JUNE 20, 2017**

Appellant, George William Carson, appeals *pro se* from the order entered in the Luzerne County Court of Common Pleas, which dismissed as untimely his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On March 26, 2009, Appellant entered an open guilty plea to third-degree murder.  The trial court sentenced Appellant on May 28, 2009, to 19 to 38 years' imprisonment.  On March 8, 2011, this Court affirmed the judgment of sentence.  Appellant sought no further review.  Between 2011 and 2016, Appellant unsuccessfully litigated two PCRA petitions.

On June 27, 2016, Appellant filed the current *pro se* PCRA petition. The PCRA court issued Rule 907 notice on July 7, 2016; Appellant responded on August 2, 2016.  The PCRA court dismissed Appellant's PCRA petition on

_____

*Retired Senior Judge assigned to the Superior Court.

December 15, 2016. On January 3, 2017, Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant, on January 11, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).[1]

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days

---

[1] "To preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005). Nevertheless, this Court may address the merits of a **criminal** appeal where a defendant files an untimely Rule 1925(b) statement, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issue(s) raised on appeal. ***Commonwealth v. Burton***, 973 A.2d 428 (Pa.Super. 2008) (*en banc*). Here, the docket reflects that Appellant's *pro se* Rule 1925(b) statement was not timely filed, and the court did not address any issues. Therefore, Appellant's issues are waived in any event. ***See Castillo, supra***.

of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). Under the "new facts" exception to the PCRA's timeliness requirements, the petitioner must plead and prove: "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

Instantly, Appellant's judgment of sentence became final on April 7, 2011, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113. Appellant filed the current serial PCRA petition on June 27, 2016, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), citing *Foster v. Chatman*, ___ U.S. ___, 136 S.Ct. 1737, 195 L.Ed.2d 1 (2016) (reiterating United States Constitution forbids striking prospective juror for discriminatory purpose; reversing capital murder conviction because state's two peremptory strikes of jurors on basis of race were unconstitutional). *Foster*, however, does not satisfy an exception to the PCRA timeliness requirement in this case, because: (1) Appellant

entered an open guilty plea and did not have a jury trial; and (2) the **Foster** Court did not announce it had created a new constitutional right that is retroactively applicable. **See Foster, supra**; **Chambers, supra**. In his petition, Appellant also claims prior counsel were ineffective, and the trial judge was not impartial. To the extent Appellant attempts to invoke the "newly discovered facts" exception, Appellant fails to plead new facts he was previously unaware of or could not have discovered earlier with the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Therefore, Appellant's third PCRA petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Zeigler, supra**.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2017